## Forrest et al. *v.* Corey.

[No. 3,540. Filed May 23, 1902.]

Appeal and Error.—*Complaint.*—*Questioned on Appeal.*—*Exhibit.*— A complaint for services rendered will not be held bad, when questioned for first time on appeal, for failure to set out as an exhibit a bill of particulars of the account for which suit is brought. *p. 160.*

Corporations.—*Labor Liens.*—*Notice.*—A notice by an employe of a corporation to acquire a lien on the corporate property, under §7248 *et seq.* Burns 1901, need not describe the corporate property. *pp. 160–163.*

Same.—*Labor Liens.*—*Judgments.*—*Priority.*—A laborer's lien upon corporate property under §7248 *et seq.* Burns 1901, is superior to an unpreferred judgment lien which was not of record for sixty days before the employe acquired his lien, although part of the wages accrued after levy was made, especially where it appears that the corporate property was being operated by agreement among all the parties interested. *pp. 163, 164.*

CORPORATIONS.—*Labor Liens.*—*Attorney's Fees.*—Attorney's fees were properly allowed in an action to enforce a laborer's lien against a corporation, under §7248 *et seq.* Burns 1901, since §7253 of the act provides that "the law, rules, practice and pleadings now in force in reference to the enforcement of mechanics' liens shall be applicable to all suits commenced under this act." *p. 164.*

From Grant Circuit Court; *H. J. Paulus*, Judge.

Suit by John Corey against John H. Forrest and others for the enforcement of a laborer's lien. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. L. Custer* and *O. L. Cline*, for appellants.
*R. T. St. John* and *W. H. Charles*, for appellee.

ROBINSON, P. J.—Suit by appellee against appellant Forrest, and The Sterling Oil Company, a corporation, to recover for labor performed in the operation of certain oil leases, and to enforce a lien upon the property used in the operation of the wells. The sufficiency of the complaint is first questioned on appeal. After the labor was performed appellant Forrest purchased the corporate property at execution sale with notice of appellee's claim.

A complaint will not be held bad when first questioned by an assignment of error because it fails to set out as an exhibit a bill of particulars of the account for services for which suit is brought. The general rule is that if no essential fact or averment is entirely omitted from a complaint, and it states sufficient facts to bar another suit for the same cause of action, all other defects are cured by the verdict, and the pleading will be regarded as sufficient to uphold the judgment when first called in question by error assigned in this court. *Owen School Tp.* v. *Hay*, 107 Ind. 351; *Old* v. *Mohler*, 122 Ind. 594; *Peters* v. *Banta*, 120 Ind. 416; *Colchen* v. *Ninde*, 120 Ind. 88.

It is also argued that the notices of an intention to hold a lien are insufficient, because they do not sufficiently describe the leased land. Although the notices are that appellee intends to hold a mechanic's lien, and while they might be

insufficient as such, yet, if they comply with all the requirements of some other statute providing for a lien they must be held sufficient. An instrument must be construed according to its terms without reference to any particular name by which it may have been designated.

Section 7248 Burns 1901 provides that the employes of any corporation doing business in this State, whether an Indiana corporation or not, are entitled to hold a "prior lien upon the corporate property of any corporation, and the earnings thereof, for all work and labor done and performed by such employes for such corporation from the date of their employment by such corporation; which lien shall lie prior to any and all liens created or acquired, subsequent to the date of the employment of such employes by such corporation, except as in this act provided."

Section 7249 Burns 1901 provides that, "Any employe wishing to acquire such lien upon the corporate property of any corporation, or the earnings thereof, whether his claim be due or not, shall file in the recorder's office of the county where such corporation is located or doing business, notice of his intention to hold a lien upon such property and earnings aforesaid for the amount of his claim, setting forth the date of such employment, the name of the corporation, and the amount of such claim; and it shall be the duty of the recorder of any county, when such notice is presented for record, to record the same in the record now required by law for notice of mechanics' liens, * * * and the lien so created shall relate to the time when such employe was employed by such corporation or to any subsequent date during such employment, at the election of such employe, and shall have priority over all liens suffered or created thereafter, except other employes' liens, over which there shall be no such priority: Provided, that where any person, other than an employe, shall acquire a lien upon the corporate property of any corporation located or doing business in this

State, and such lien remains a matter of record for a period of sixty days in any county in this State where such corporation is located or doing business, and no lien shall have been acquired by any employe of such corporation during that period, then and in that case such lien so created shall have priority over the lien of such employe in the county where such corporation is located or doing business, and not otherwise: Provided further, that. this section shall not apply to any lien acquired by any person for purchase money."

Section 7250 Burns 1901 provides for enforcing the lien by suit and that the court rendering judgment for such claim "shall declare the same a lien upon such property, and order the same sold  *  *  *  as other lands are sold on execution or decree,  *  *  *  and in such action the court shall make such orders as to the application of the earnings of such corporation, if any there be, as shall be just and equitable, whether the same be asked for in the complaint or not."

The notices in question comply with these provisions. They are directed to the Sterling Oil Company, averred to be an Illinois corporation, are for work and labor done by appellee for the corporation, and set forth (1) the date of such employment, (2) the name of the corporation, and (3) the amount of the claim.

The statute specifically designates what shall be set forth in the notice. It does not require that the notice shall contain a description of the corporate property. The notice may be of an intention to hold a lien upon either the corporate property or the earnings, or both, but, whether the earnings are included or not, the court is authorized to make such orders as to the application of the earnings as shall be just and equitable, whether asked for in the complaint or not.

Such statutes are to be liberally construed so as to render effectual the purpose in view. The evident purpose of the legislature in enacting the statute was to secure to employes

Forrest v. Corey.

an efficient remedy for the collection of wages, and that employes should have a lien upon all the property owned by the corporation. The statute says they shall have a lien upon the corporate property, and, in providing the notice that shall be given, requires that the notice shall state the date of the employment, the name of the corporation, and amount of the claim. If it had been intended that the lien should attach only to specific property described in the notice, the statute should have said so. In giving the notice the employe is required to do only what the statute requires, and when he has done that he has a lien upon all the corporate property. See *Aurora Nat. Bank* v. *Black*, 129 Ind. 595. It is to be observed that the statute does not, as against the corporation, fix the time within which, after the work is done, the notice of the lien shall be filed. To determine priorities only is the time of filing the notice fixed. The statute (§7248 Burns 1901) makes the lien prior to any and all liens acquired subsequent to the date of the employment, except as limited by the proviso to §7249, *supra*. By that proviso a lien holder, other than an employe, can not have priority unless his lien is a matter of record for sixty days before the employe acquires his lien under the statute.

Forrest was a judgment creditor, having obtained a judgment against the corporation April 20, 1899, and became the purchaser of the property at a sale made under that judgment May 19, 1899. Appellee filed the second notice of his intention to hold a lien and the same was recorded June 13, 1899. So far as the record shows, he was a lien holder other than an employe. No question is made as to priority of laborers' liens, but it is argued that no lien could be acquired for wages after the levy was made.

It is true it appears that part of the wages accrued after the levy was made by the sheriff and before the sale. After the levy the officer had the right to the possession and control of the property for the purpose of making it answer the demands of the writ. But it is manifest that it was to the

interest of all parties that the operation of the wells should not be suspended, and it appears that it was continued after the levy as before. Until the sale Forrest had only a lien. The property still belonged to the corporation, and the corporation might sell it, subject, of course, to liens. Until sold by the officer, liens might still be acquired against the property as corporate property. The statute fixes the priority. Moreover, there is evidence that the continued operation of the wells was by agreement among all the parties interested; that appellee requested that the wells should continue to be operated as they had been. In the absence of some showing to the contrary we must presume from the evidence that the continued operation of the wells was beneficial to Forrest.

There was no error in allowing attorney's fees in the suit by appellee to enforce his lien. The statute (§7253 Burns 1901) provides that "the law, rules, practice and pleadings now in force in reference to the enforcement of mechanics' liens shall be applicable to all suits commenced under this act."

Judgment affirmed.