JOHNSON v. CITIZENS TRUST COMPANY, RECEIVER.

[No. 11,323.   Filed ·June 27, 1922.]

1. STATUTES.—*Construction.*—In construing a statute the words are to be given their ordinary meaning, unless from the statute as a whole it is clear that the legislature intended that certain words should be taken in a different sense.   p. 490.

2. MASTER AND SERVANT.—*Lien for Wages.*—*Statute.*—*Scope.*— *Right of Chemist to Lien.*—Under §8288 Burns 1914, §5286 R. S. 1881, giving corporate employes a first lien on the corporate property for all "work and labor" performed, one employed by a corporation in a canning factory to superintend the installation of certain equipment and to render service as a chemist, was entitled to the lien provided for by such statute for wages due and unpaid; the purpose of the statute being to give the employes of a corporation a priority for their wages as against officers, stockholders, and general creditors. p. 490.

3. MASTER AND SERVANT.— *Employe's Lien for Wages.*— *Enforcement.*—*Recovery of Attorney's Fees.*—A corporate employe, entitled to a lien under §8288 Burns 1914, §5286 R. S. 1881, for wages due and unpaid, is entitled to recover an attorney's fee in an action to enforce the lien.   p. 490.

4. TRIAL.—*Findings.*—*Surplusage.*—*Conclusions of Law.*—In an action by a corporate employe to have his claim for wages declared a prior lien on the property of the corporation in pursuance to §8288 Burns 1914, §5286 R. S. 1881, whether plaintiff was entitled to a lien was a question of law, and the trial court's conclusion on that question had no legitimate place in the finding, and must be regarded as surplusage.   p. 491.

From Dubois Circuit Court; *John F. Dillon,* Judge.

Action by Harry I. Johnson against the Citizens Trust Company, receiver for the B. F. Shaver Canning Company. From the judgment rendered, the plaintiff appeals. *Reversed.*

*Leo H. Fisher,* for appellant.

*A. L. Gray,* for appellee.

DAUSMAN, J.—The appellee Citizens Trust Company is the receiver for the B. F. Shaver Canning Company.

The appellant Harry I. Johnson filed his claim, in the form of a petition, for compensation due him for services rendered the corporation, and asked that the claim, including interest and attorney's fee, be allowed and declared a lien on the property and earnings of the corporation and that the claim be paid in the order of its priority.

The canning company owned and operated four factories and made large quantities of tomato pulp. Johnson was a teacher of chemistry in Roanoke College. The canning company employed him for the season of 1918, from June 1 to September 15, to superintend the installation of certain equipment; to render services as a chemist; to instruct other employes how to prepare tomatoes for the making of pulp; and generally to teach other employes the details of the process of pulp making, so that the product would be of the quality required by the buyers of pulp, thereby assuring its marketability. Pursuant to the terms of his employment, he superintended the installation of certain equipment, directed other employes how properly to prepare the tomatoes by cutting out all decayed and all green spots, how to make tests with the hydrometer, and how to regulate and control the process of pulp making so that the finished product would be of the required specific gravity and would contain not more than a certain maximum of yeast bacteria and mould counts. During the term of his employment he made tests each day of batches of pulp from each of the four factories, and exercised such control within the scope of his employment as was necessary to insure a uniformly pure product of the required standard. Having received no compensation whatever, he filed a statutory notice of his intention to hold a lien on the property and earnings of the corporation, which notice was duly recorded. §8289 Burns 1914, §5287 R. S. 1881. The receiver re-

fused to allow his claim and the matter was transferred to the trial docket.

There was no dispute as to the amount due Johnson, as principal and interest of his claim.  There was no contention that he was not an employe.  It was agreed that if he is entitled to recover an attorney's fee the amount thereof should be $113.90.  The only controversy was whether or not he was entitled to a lien and a resulting preference as against other claimants in the distribution of the assets.

Having heard the evidence, the court found (1) that there is due the petitioner the sum of $1,135, as principal and interest; and (2) that the petitioner is not entitled to a lien against the property and earnings of the corporation and not entitled to a preference.  Thereupon judgment was rendered in favor of the petitioner in the sum of $1,135, principal and interest, and against the petitioner for the costs of the proceedings; and an order was entered directing the receiver to pay his claim as a claim of the general class.

Section 1 of a statute enacted in 1877 declares: "The employes of any corporation doing business in this state * * * shall be * * * entitled to have and to hold a first and prior lien upon the corporate property of any corporation, and the earnings thereof, for all work and labor done and performed by such employes for such corporation, from the date of their employment, * * * which lien shall lie prior to any and all liens created or acquired, subsequent to the date of the employment * * *."  §8288 Burns 1914, §5286 R. S. 1881.

The receiver's contention is that the words "work and labor," as used in the statute, mean "handwork, not headwork"; that the legislature intended to give a priority to those employes only who engage in manual labor; and that Johnson, being a chemist, was pursuing a

learned' profession and is therefore not within the class of employes who are entitled to the benefit of the statute. That view was adopted by the trial court.

In determining the meaning of a statute the first rule to be considered is that the words thereof are to be given their ordinary meaning, unless from the statute as a whole it is clear that the legislature intended that certain words should be taken in a different sense. *Kunkalman* v. *Gibson* (1908), 171 Ind. 503, 509, 84 N. E. 985, 86 N. E. 850. See, also, *Moore-Mansfield* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, 44 L. R. A. (N. S.) 816, Ann. Cas. 1915D 917. The following definition expresses the general meaning of "work": "Exertion of strength or faculties; physical or intellectual effort directed to an end; industrial activity; toil; employment." Webster's Dictionary.

The following definition expresses the general meaning of "labor." "Work done by a human being or an animal; exertion of body or mind, or both, for the accomplishment of an end; effort made to attain useful results, in distinction from exercise for the sake of recreation or amusement." (When used as a verb): "To make a physical or mental effort to accomplish some end; exert the powers of body or mind for the attainment of some result." Century Dictionary.

When taken in their ordinary sense the words of the statute are sufficiently comprehensive to include employes who work with head or hand, or with both. Indeed it is impracticable to attempt a separation on that basis; for the head and hand must work together. It is essential that servants in modern industrial plants shall have skill as well as muscle. In this age it is necessary in many industrial plants to employ machinists, mechanics, chemists, draftsmen, engineers, accountants, bookkeepers, stenographers, ship-

ping clerks, etc. The statute is broad enough to include all of them. The legislature has attempted no classification of employes, and we perceive no reason why the courts should do so. The legislative purpose is to give the employes of a corporation a priority for their wages as against the officers, stockholders, and general creditors; and the lien is to secure the payment thereof. *Forrest* v. *Corey* (1902), 29 Ind. App. 159, 64 N. E. 45. It follows that Johnson is entitled to a lien as provided by the statute; and on the authority of the case just cited, he is also entitled to recover an attorney's fee.

Whether or not the petitioner is entitled to a lien is a question of law, pure and simple. The trial court's conclusion on that point has no legitimate place

4. in the finding and must be regarded as surplusage. Since all the ultimate facts are agreed upon and the only error is one of law, there is no occasion for a new trial.

The judgment is reversed; the trial court is directed to make a finding for the petitioner in the sum of $1,248.90 plus interest on the principal of his claim from the date of the original finding, and to enter an order directing the receiver to pay the amount thus found as a preferred claim and in the order of its priority; and to tax the costs against the receiver.