## SUPERIOR LAUNDRY COMPANY v. ROSE.

[No. 23,923.   Filed January 26, 1923.   Rehearing denied April 30, 1923.]

1. CONSTITUTIONAL LAW.—*Master and Servant.*—*Delay in Paying Wages.*—*Statute Imposing Penalty.*—*Validity.*—Sections 7989a, 7989b Burns 1914, Acts 1913 p. 47, requiring an employer to make payment at least twice a month of all wages earned up to within ten days of the time of payment, and imposing a penalty of ten per cent. of the unpaid wages for each ·day they remain unpaid after they become due, as liquidated damages, are unconstitutional, so far as they seek to impose a penalty for the nonpayment of wages, because they deny the employer the equal protection of the law and deprive him of his property without due process of law.   p. 141.

2. APPEAL.—*Reversal.*—*Affirmance of Judgment in Part.*—In an action by a former employe for wages and ten per cent. penalty under §§7989a, 7989b Burns 1914, Acts 1913 p. 47, imposing a penalty of ten per cent. of unpaid wages for each day that they remain unpaid, the Supreme Court, on the employer's appeal from a judgment for the employe, will not, having held such statute unconstitutional, affirm the judgment for the amount of wages demanded by the employe, where such amount with penalties for each day from the date when wages became due up to the date of the trial would have exceeded the amount of the judgment, and where the record did not contain the evidence, as the court cannot know the jury intended to award a recovery for the amount demanded for wages with penalties for less than the full period up to the date of the trial, rather than a recovery for a lesser amount for wages with penalties for each day up to date of trial.   p. 142.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Angel P. Rose against the Superior Laundry Company.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Kenneth Call* and *Slick & Slick,* for appellant.

*George P. Rose,* for appellee.

EWBANK, J.—Appellee brought suit against the appellant, alleging in the first paragraph of his complaint that he had been employed by appellant as the driver of a laundry wagon, and that on January 8, 1920, ap-

pellant had discharged him, while indebted to him for $72.16 of wages, which appellant refused to pay. The answer was a general denial and plea of payment. The court instructed the jury that, if they found the allegations of the complaint to be true, appellee was entitled to recover, as damages, ten per cent. of the amount of wages due him for each day that payment was withheld after the wages became due, down to the date of the trial, in addition to recovering the amount of such unpaid wages, and set out in one instruction §§7989a, 7989b Burns 1914, Acts 1913 p. 47, and told the jury that the complaint was based on that statute. The appellant duly excepted to the giving of each of the instructions, and presented them for review by specifications in its motion for a new trial. The motion was overruled, and appellant excepted, and has assigned the ruling as error. The verdict recited that the jury found for appellee on the first paragraph of his complaint, and assessed his damages at $314.76, being more than four times the amount of wages alleged to be due.

The first question presented for decision is whether that part of the act in question which provides for the recovery of a penalty, is constitutional. The act reads as follows: "Section 1. That every person, firm, corporation or association, their trustees, lessees or receivers appointed by any court whatsoever, doing business in this state shall pay each employe thereof at least twice a month, between the first and tenth and between the fifteenth and twenty-fifth of each month, the amount due such employe and such payment shall be made in the lawful money of the United States, or by negotiable check, draft or money order, and any contract to the contrary shall be void. Such payment shall be made for wages earned to a date not more than ten days prior to the date of such payment, provided that nothing herein shall be taken to prevent payments being

made at shorter intervals than herein specified nor to repeal any law providing for such payments.

"Sec. 2. Every such person, firm, corporation or association who shall fail to make payment of wages to any such employe, as provided in section 1 of this act, shall, as liquidated damages for such failure, pay to such employe for each day that the amount due to him remains unpaid ten (10) per cent. of the amount due to him in addition thereto, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employe, and in any suit so brought to recover said wages, or the liquidated damages for non-payment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys." §§7989a, 7989b Burns 1914, *supra*. The Weekly Wage Law of 1899 (Acts 1899 p. 193) was held unconstitutional by this court because it expressed an absolute command that all wages should be paid in full each week to within six days of the time of payment, thereby depriving the employer and employe of the right to contract for payment at other times or at longer intervals. In deciding that case the court said: "We do not assert that the legislature is powerless to regulate the payment of wages when the same are paid at reasonable periods, or that a community composed largely of workingmen may be injuriously affected by unduly delayed payments, for these questions are not before us; but what we do hold is that this statute, which takes away from both the employer and the employe, whether in the shop, in the store or on the farm, all power to contract for labor except upon terms of weekly payment of wages in cash, is an unreasonable, and therefore an unconstitutional, restriction." *Republic Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 389, 66 N. E. 1005, 62 L. R. A. 136. The act of 1887 (Acts 1887 p. 13) commanding all em-

ployers engaged in mining or manufacturing to pay their workmen at least once every two weeks, "if demanded," was upheld by this court against the objection that it assumed to deny the right of contract. The court distinguished the case of *Republic Iron, etc., Co. v. State, supra,* on the ground that the "requirement to pay at the time prescribed by the statute only becomes mandatory upon the employer on the demand of the employe to whom the wages are due and owing," and that "his right under the law to demand semimonthly the amount of wages then due him is a matter wholly optional with him, * * * which he may exercise or not as he chooses." *Seelyville Coal, etc., Co. v. McGlosson* (1906), 166 Ind. 561, 567, 77 N. E. 1044, 117 Am. St. 396, 9 Ann. Cas. 234.

The act of 1913, Acts 1913 p. 47, *supra,* now under consideration, contains quite as absolute a prohibition of all contracts for the payment of wages otherwise than at least as often as twice each month, between the dates named, of all wages earned up to within ten days of the time of payment, as the act of 1899 did of payments at intervals longer than once each week, up to within six days of the pay day. The objections to the statute now under consideration are supported by the reasoning in the cases cited above.

It is further complained that the provisions of the statute which denounce a penalty of ten per cent. of the unpaid wages for each day they remain un-

1. paid after they become due under the provisions of the statute, "as liquidated damages" for the failure to pay them at the time prescribed, denies the employer the equal protection of the law, and deprives him of his property without due process of law. In this contention we think counsel are correct. Under the provisions of this statute, if wages should be demanded by an employe which the employer denies owing

or claims to have paid, the lapse of ten days consumed in negotiation or litigation will double the debt, and each succeeding ten days will add to it as much as was owing in the first place. The fact, if it be a fact, that the employe has demanded more than is due him will not prevent the actual debt from doubling. Neither will a good-faith belief on the part of the employer that he has paid all that was due. If he should delay payment for ninety days, he would owe ten times the original debt, under the provisions of the statute, even though suit had not yet been commenced.

The penalty is not proportioned to the amount of wages withheld, but is without limit as to the time during which it shall continue to accumulate, or as to the total amount. This is not "equal protection of the law," nor does it afford the employer "due process of law," but arbitrarily deprives him of property by threatening such dire consequences if he shall litigate a claim for wages and not be entirely successful that he may fear to refuse a demand, even though convinced that it is unfounded and unjust. *Ex parte Young* (1908), 209 U. S. 123, 28 Sup. Ct. 441, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; *State* v. *Crawford* (1913), 74 Wash. 248, 133 Pac. 590, 46 L. R. A. (N. S.) 1039; *Southwestern Tel. & Tel. Co.* v. *Danaher* (1915), 238 U. S. 482, 35 Sup. Ct. 886, L. R. A. 1916A 1208; *Cotting* v. *Godard* (1901), 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92.

"A statute (although in terms opening the doors of the courts to a particular litigant) which places upon him as a penalty for a failure to make good his claim or defense a burden so great as practically to intimidate him from asserting that which he believes to be his rights, is, when no such penalty is inflicted upon others, tantamount to a denial of the equal protection of the laws." *Cotting* v. *Godard, supra.*

"It may    *    *    *    be said that when the penalties for disobedience are by fines so enormous and imprisonment so severe as to intimidate the company and its officers from resorting to the courts to test the validity of the legislation, the result is the same as if the law in terms prohibited the company from seeking judicial construction of laws which deeply affect its rights." *Ex parte Young, supra.*

A penalty of one dollar for each day payment was delayed, not exceeding double the amount of the wages due, and a reasonable attorney fee, in case of a failure to pay for labor within ten days after demand (Acts 1887 p. 14, §4), was held to be constitutional; the court saying: "The amount of damages allowed to be assessed, however, can in no event exceed double the amount of the wages due the employe. The statute in this respect is reasonable and the amount of the exemplary damages assessed can neither be said to be excessive nor oppressive." *Seelyville Coal, etc., Co.* v. *McGlosson, supra.* But the statute challenged in the case at bar does not limit the penalty to one dollar per day, nor limit the total amount of recovery in any way. And we think the penalties which might be assessed under its provisions may be, and in this case really are, excessive and oppressive. For the reasons stated, we hold that the statute is unconstitutional, so far as it seeks to impose a penalty for the nonpayment of wages.

The judgment is reversed, with directions to sustain the motion for a new trial.

## ON PETITION FOR REHEARING.

EWBANK, J.—In his petition for a rehearing appellee asks that a remittitur be permitted and the judgment affirmed for the amount of the wages demanded by his complaint, without penalties, in case the court shall refuse to grant a rehearing.

His arguments and the authorities cited go to the point that the legislature has power to require the frequent payment of wages, but do not touch the question of enforcing a statutory command by such penalties as were sued for in this case. The issues were joined on an answer of denial and a plea of payment, and the court gave an instruction to the effect that appellee was entitled to recover a penalty of ten per cent. of the unpaid wages for each day up to the day of the trial. The instructions were read to the jury and the verdict was returned on May 19, 1920, which was 132 days after the alleged date of appellee's discharge by appellant. The sum of $22.17, increased by the addition of ten per cent. per day for 132 days, would amount to the sum for which the verdict was returned. None of the evidence is in the record, and we cannot know that the jury intended to award a recovery of $72.16 for unpaid wages, with penalties for less than thirty-four days, in the sum of $242.60, rather than a recovery of $22.17 for wages, with penalties of ten per cent. per day of that amount up to the day of the trial.

The petition for a rehearing is overruled.