## GROSE *v.* STATE OF INDIANA.

[No. 24,252.    Filed April 17, 1923.]

INTOXICATING LIQUORS.—*Unlawful Transportation.*—*Sale of Vehicle.*—*Nature of Action.*—*Jurisdiction.*—*Statutes.*—An action under §8356a1 Burns' Supp. 1921, Acts 1921 p. 736, §5, to outlaw an automobile used in the unlawful transportation of intoxicating liquors is a proceeding *in rem* to outlaw the thing used in violation of law, and, though the action is civil in its mode of procedure, it is criminal in nature, so that a criminal court was within its jurisdiction in ordering the sale of such automobile.

From Marion Criminal Court (53,031) ; *James A. Collins*, Judge.

Prosecution by the State of Indiana against Walter Grose in which William Grose intervened. From a judgment against the intervener, he appeals. *Affirmed.*

*A. F. Lauck,* for appellant.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for the State.

TOWNSEND, J.—Appellant is a brother of Walter Grose, who was convicted of a violation of Acts 1917 p. 15, §4, §8356a et seq. Burns' Supp. 1918. Appellant intervened in the Marion Criminal Court to claim ownership of the automobile in which Walter was carrying intoxicating liquor. The judgment was against the intervening petitioner and the automobile was ordered sold pursuant to §5 of Acts 1921 p. 736, §8356a1 Burns' Supp. 1921. Appellant intervener claims that the Marion Criminal Court had no jurisdiction, because the action to outlaw the automobile is civil in its nature. This question, under a similar statute, was settled adversely to appellant's contention in Steward v. State (1913), 180 Ind. 397, 103 N. E. 316. The action is criminal in its nature but civil in its mode of procedure. It is a proceeding in rem to outlaw the thing used in violation of the law. The Marion Criminal Court had jurisdiction.

Appellant next claims that the finding is not sustained by sufficient evidence. The evidence is conflicting and in these circumstances it is not our province to disturb the decision of the trial court.

The judgment is affirmed.