TOWN OF WALKERTON *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD CO.

[No. 26,258. Filed March 6, 1936. Rehearing denied May 20, 1936.]

*Roy Sheneman* and *H. M. Dowling,* for appellant.

*Harker & Irwin, William J. Stevenson, Joseph T. Markey* and *Graham, Crane & Elliott,* for appellee.

FANSLER, J.—Appellant brought this action to recover penalties for failure to comply with resolutions of its town board pertaining to the installation and maintenance of electric flash light alarm signals. Appellee's demurrer to all of the paragraphs of complaint was sustained, which ruling is assigned as error.

Section 11277, Burns' Ann. St. 1926, §48-301, Burns 1933, §11358, Baldwin's 1934, enumerates the powers of the board of town trustees, and provides that it shall have power "to regulate giving alarms, the ringing of bells and the sounding of steam whistles, whether loco-

motive or otherwise, within the town limits. To require persons or corporations owning or operating railroads to construct proper warning signs at street railroad crossings, or any of them; to require any railroad company to use, maintain and operate at any street crossing of its tracks considered to be dangerous, and held so to be by the board of trustees in such town, electric gongs or alarm signals that will announce the approach of trains from any direction required." It is also provided that the powers conferred to require railroad companies to maintain and operate electric gongs or alarm signals, etc., shall be exercised by resolution of the board of trustees, designating the crossing, the character of the protective means to be employed, the time of installation, and that notice shall be given the railroad company. There is provision for an appeal from the resolution to the Railroad Commission of Indiana, hearing before the commission, etc. There was no appeal in this case.

There were four resolutions, each providing for the installation of signal devices at a particular street intersection. The four paragraphs of complaint, each based on a separate resolution, are identical in all respects except that the resolutions refer to different street intersections. The resolutions recite that the crossings described are considered and held to be dangerous to citizens and other persons using and traveling the streets affected, and that it is deemed necessary for the safety and security of citizens and others using the streets that "electric flash light alarm signals" be installed and placed in service by the railroad company where its tracks cross the described streets; and an order is therein contained requiring the railroad company to construct and install the devices referred to and have them in operation within a given time. It is further provided that, upon failure of the railroad

company to comply with the resolutions within the time fixed, it shall upon conviction be fined and forfeit the sum of $10 for each offense, and that each day said railroad company fails and neglects to install and maintain the alarm signals shall constitute a separate and distinct offense. There are allegations of notice to the railroad company, and publication of the resolutions as required by law.

The demurrer, which is for want of facts, is based upon the following reasons set out in the memorandum: (1) That the ordinances deprive the defendant of its property without due process of law; (2) that section 11277, Burns' 1926, does not authorize the plaintiff to compel the defendant to construct or maintain electric flash light alarm signals; (3) that the statute in question limits the action of the board of town trustees to the passage of a resolution which is and shall be merely advisory to the Public Service Commission, which latter body has the sole power to act; (4) that the ordinances provide a penalty, whereas the statute itself provides a penalty, and thus the penalty provided in the ordinance is void; (5) that the ordinances are void because unreasonable; (6) that the ordinances are void because indefinite and uncertain and not specific in that they do not purport to furnish a standard or describe the character and nature of the signal, and whether the signals shall be operated during the day or night; that they do not specify with certainty how or in what manner the signals shall announce the approach of trains.

To support the first proposition, appellee in its brief contends that the construction, operation, and maintenance of flash light alarm signals will constitute such a great and unreasonable burden that it can seriously interfere with the operation of the appellee's railroad, and therefore constitutes a confisca-

tion of its property. Such a question might be raised by an affirmative answer, but the facts to sustain the contention do not appear on the face of the complaint; therefore it is not available as a ground of demurrer. It is also contended in support of this proposition that the power to require the installation of alarm signals does not exist in the absence of a statute expressly granting it, and that the statute in question does not grant the power; that it is penal in character and must be strictly construed; that it will not be construed to include anything beyond its letter, though within its spirit, and nothing will be added by inference or intendment. It is then urged that: "It is clear that flash light alarm signals do not come within the purview of 'electric gong or alarm signals';" and that "by 'electric gong or alarm signals' is meant signals of an auditory nature, and does not include any signals to be observed by the organs of sense of sight. . . . The use of the word 'alarm' following the disjunctive 'or' merely indicates that the word 'alarm' is used in apposition to the word 'gong'; therefore, the word 'alarm' also indicates a signal to be apprehended by the hearing or auditory organs and not the sight organs; therefore, flash light alarm signals, being signals which can only be cognized or noticed by the sight organs, even though they may come within the spirit of this Statute, yet they do not come within the letter, and the Resolutions, therefore, are illegal."

But such a construction of the statute is strained and unnatural. The disjunctive "or," separating the words "electric gongs" and "alarm signals," may just as reasonably be treated as indicating an alternative, in which case the meaning of neither is influenced by the other, and the board is left free to choose one or the other. Various parts of the statute authorize the town board to require lights at certain crossings, to require warn-

ing signs, and to regulate the giving of alarms. That electric flash light signals would seem to be within the spirit of the statute, as indicated by these various expressions, seems to be conceded, and, under such circumstances, a resort to a strained construction of particular words in the statute for the purpose of defeating an ordinance which is admittedly within its spirit cannot be justified.

Appellee contends that the statute confers upon the town board only advisory powers, and the authority only to express an opinion as to the necessity for signal lights, and that the power to order the installation of signals vests in the Railroad Commission or the Public Service Commission. The statute will not bear such a construction. The trustees are given power to require such signals as they shall deem and find to be advisable and necessary. The railroad company is granted the right to an appeal to the Railroad or Public Service Commission. But no appeal was taken, and therefore the resolutions of the board are conclusive if they are within the statute.

Appellee contends that there is a double penalty in that the statute itself provides a penalty, and the resolutions of the board provide another. The penalty provided by statute is for failure to comply with the order of the commission made upon an appeal. It has nothing to do with the failure to comply with the resolution of the town board unappealed from.

Appellee's contention that the things required of it under the resolutions are so vague and uncertain that they do not furnish a standard by which the railroad company's guilt or innocence may be determined upon a charge of noncompliance is not supported by the facts. The resolutions merely require that appellee construct and install electric flash light alarm signals that will announce the approach of trains

on the railroad from either direction where its railroad tracks cross the four streets in question. Any signal device that will accomplish this purpose will satisfy the resolutions, regardless of its type or character, the distance which its lights may be shown, the candlepower, or any of the details of construction suggested by appellee. The resolutions of the trustees left the details of construction to the discretion of appellee, and any device which accomplishes the declared purpose of the resolutions must be treated as complying with the requirements.

Judgment reversed, with instructions to overrule appellee's demurrer.