TOWN OF WALKERTON *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY.

[No. 27,096. Filed January 31, 1939. Rehearing denied February 27, 1939.]

*Henry M. Dowling,* and *Roy Sheneman,* for appellant.

*Hickey & Dilworth, Harker & Irwin, E. M. Smith,* and *McHale, Arthur,* and *Myers,* for appellee.

SHAKE, J.—On September 5, 1930, the board of trustees of the town of Walkerton adopted four separate resolutions by which said board declared that the crossings at Fourth, Fifth, Seventh, and Eighth Streets in said town, where said streets were intersected by

the tracks of the New York, Chicago and St. Louis Railroad Company', were dangerous to citizens and other persons using the same, and that it was necessary that electric flash light alarm signals be installed by said railroad company at each of said crossings. The resolutions required the railroad company to construct and install said signals and have the same in service by February 15, 1931; and it was provided that upon the failure of the railroad company to comply therewith it should be fined and should forfeit to the town the sum of $10 for each and every offense, and that each day of such failure should constitute a separate and distinct offense.

On December 14, 1931, the town instituted an action against the railroad company to recover penalties for its failure to comply with the resolutions. The complaint is in four paragraphs, the action being predicated upon the alleged violation of each of said resolutions. Each paragraph claims damages in the sum of $3,000. The railroad company demurred to the complaint and to each paragraph thereof for want of facts. The demurrer was sustained by the court below. The town stood on its complaint and prosecuted an appeal to this court. The cause was reversed on March 6, 1936, for error of the lower court in sustaining the demurrer to the complaint. The former appeal is reported as *Town of Walkerton* v. *New York, Chicago and St. Louis Railroad Co.* (1936), 210 Ind. 175, 200 N. E. 243.

Pursuant to the mandate of this court the demurrer to the complaint was overruled, whereupon the railroad company filed a separate answer in seven paragraphs to each of the four paragraphs of complaint. The first paragraph of each of the separate answers is in general denial; the others are affirmative in character. Since the several paragraphs of answer were not attacked by demurrer, or otherwise, we may summarize their con-

tents as follows: they allege, in substance, that the town board of Walkerton is without jurisdiction to require signal lights at the crossings; that the resolutions adopted by the town board are unreasonable, unjust, discriminatory, impossible of performance, uncertain, and void; that there is no need or occasion for electric flash light alarm signals to be installed and maintained at the several intersections referred to in the resolutions; that the resolutions are not ordinances, and that the town has no authority to fix or establish penalties by resolutions; that the resolutions and the demands made pursuant thereto are unconstitutional because the railroad company is denied due process and the equal protection of the laws; that its property is about to be taken without just compensation; that an unreasonable and unnecessary burden is placed upon interstate commerce; that the requirements of the resolutions and their enforcement will interfere with the operation of the railroad in such a manner as to result in confiscation; and that the penalties imposed are unreasonable and calculated to intimidate the railroad company and prevent it from testing the validity of the resolutions or seeking a judicial construction of the provisions thereof. The town filed replies in general denial to the answers of the railroad company, putting the case at issue.

Thereafter, the town asked leave to file a supplemental complaint in four paragraphs, by which it sought to recover what may be termed the accumulated penalties which had accrued against the railroad company during the pendency of the action, aggregating $115,000. The railroad company objected to the filing of the supplemental complaint, which objection was sustained, and the filing thereof denied.

The parties entered upon a trial before a jury. At the conclusion of the evidence the town requested a per-

emptory instruction in its favor; this was denied, and the court, on its own motion, instructed and directed the jury as follows:

"The jury is now instructed that the only question raised by the pleadings and the evidence in this case is the constitutionality of each and all of the resolutions passed by the Town Board of the town of Walkerton as set forth in paragraphs one, two, three and four of the complaint herein, and that the question of the constitutionality of said resolutions is a matter to be determined by the court instead of the jury. That the court has determined that the resolutions referred to in paragraphs one, two and three of the complaint are unconstitutional, and that the resolution referred to in paragraph four of the complaint is constitutional."

The court then directed the jury to find for the railroad company on paragraphs one, two, and three of the complaint, and to find for the town on paragraph four thereof with damages in the sum of $3,020. This was done and judgment was rendered accordingly. The town filed a motion for a new trial, which was overruled, and it has appealed. The railroad company has not assigned cross-errors on the judgment rendered against it on the fourth paragraph of complaint.

The point is made that the resolutions adopted by the town board are not ordinances and that penalties can not be imposed by resolutions. The distinctions sought to be made in the instant case seem to us to be matters of form rather than of substance. The statute (§48-301 Burns' Ann. St. 1933, §11358 Baldwin's 1934) authorizes the board to act in the premises by the adoption of resolutions, and it so denominated its action. We think there was a substantial compliance with the statute in this regard. Town ordinances fixing penalties are required to be published and this was done·(§48-301 Burns 1933, cl. 20, §11358 Baldwin's *supra*. As to matters of form, the terms

"resolutions" and "ordinances" are frequently used interchangeably and, at most, an ordinance merely connotes a more formal and solemn declaration. A resolution passed with all the formalities required for passing ordinances may operate as an ordinance regardless of the name by which it is called. 43 C. J., p. 519. We hold that the documents with which we are here concerned may be treated as resolutions in the sense used in the statute conferring authority on the town board to adopt resolutions, and as ordinances insofar as they impose penalties.

Municipal ordinances have the force of statutes in the jurisdiction wherein they operate. Their adoption is clearly an exercise of the legislative power. *Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 113 N. E. 429. It is a fundamental maxim of constitutional law that the legislature of a state, having been invested by the people constituting the sovereign, with its general lawmaking power, must hold and itself exercise that function of government. *Board, etc.* v. *Jewett* (1915), 184 Ind. 63, 69, 110 N. E. 553. It has accordingly been said that the state legislature has no authority to delegate its legislative power, except to municipal corporations of the state. *Zoercher* v. *Agler* (1930), 202 Ind. 214, 172 N. E. 186, 907, 70 A. L. R. 1232. Legislative functions can not be delegated to the administrative or other departments of government. *Dunn, Auditor, et al.* v. *City of Indianapolis* (1935), 208 Ind. 630, 196 N. E. 528, 698, 5 N. E. (2d) 629. But the legislature may make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. *Kryder* v. *State* (1938), 214 Ind. Sup. 419, 15 N. E. (2d) 386 (Mandate of the Supreme Court of the United States dismissing appeal December 19, 1938.)

Appellant is correct in its claim that our former decision is to be regarded as the law of this case so far as it is determinative of the matters therein considered. But it was observed in that opinion that whether the requirements of the resolutions complained of were unreasonable or amounted to a confiscation of property was not before the court on the former appeal. It was expressly suggested that such questions might be raised by affirmative answer. This has since been done.

It becomes pertinent to inquire as to the character of review contemplated by an appeal from the resolutions adopted by the town board to the Public Service Commission. The language of the statute is as follows:

"The railroad company may appeal from such resolution to the railroad commission of Indiana by delivering to the town clerk, or some member of the board of trustees, a notice of appeal within ten (10) days from the time of service of the notice of the resolution on it as herein provided, which notice shall specify the grounds of the appeal, and by filing with such commission the notice of the resolution served upon it, together with a copy of said notice of appeal, within five (5) days after the delivery of the notice of appeal to the clerk or a member of the board of trustees, and the authority to hear and finally determine said appeal is hereby conferred upon said railroad commission. The commission shall docket the appeal at once and shall send to such town a member of the commission, who shall inspect the crossing or crossings in controversy and report to the commission, and the commission shall determine the matter upon the grounds stated in the notice of appeal only, within twenty (20) days, and enter upon its record an order either affirming or overruling such resolution of such board of trustees, as the merits of the case shall warrant." (cl. 14, §48-301 Burns 1933, §11358 Baldwin's 1934.)

If the statute contemplates that upon an appeal by a railroad company from the action of a town board in

adopting such a resolution, the Public Service Commission may arbitrarily veto the resolution, after an inspection of the premises by one of its members, the provision would be palpably invalid. Section 14 of article 5 of the State Constitution vests in the chief executive the exclusive authority to veto legislation. If it undertakes to vest in the commission, as an administrative body, the right to exercise a supervisory discretion as to when and under what circumstances a municipal legislative act may be abrogated, it would be equally obnoxious. Section 1 of article 3 of the State Constitution expressly prohibits officers under one of the coordinate branches of the government from exercising the functions of another. Under our form of government an administrative agency belongs to the executive department, while a municipal body acts for the legislative branch in adopting ordinances and resolutions of the character with which we are here dealing.

In any event, the act falls far short of fixing proper standards for an inquiry which will meet the requirements of the due process clause contained in the Fourteenth Amendment to the Federal Constitution. Due process requires notice in some proper form and an opportunity to be heard before some tribunal, not necessarily a court or before a jury. *Campbell* v. *State* (1909), 171 Ind. 702, 87 N. E. 212. There must be a fair opportunity to be heard before the matter is finally determined. *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965. The provisions of section 48-301 Burns 1933, §11358 Baldwin's, *supra.*, with respect to notice appear to be sufficient; those as to hearing are not.

What we have said can lead us to no other conclusion than that appellee was not foreclosed from attacking

the resolutions for their alleged arbitrary and unreasonable requirements because no appeal was prosecuted to the Public Service Commission. An issue of fact as to the oppressive character of the resolutions was directly presented by appellee's affirmative paragraph of answer. The trial court found for the appellee as to three of the crossings involved and against it as to the fourth. We have examined the evidence and we can not disturb the findings for the reason that the court's conclusions are amply supported. No good purpose would be served by extending this opinion to review the evidence upon the subject.

Another assignment of error challenged the court's denial of the appellant's offer to file a supplemental complaint. By this pleading appellant sought to recover $115,000 in penalties accruing between February 15, 1931, when the resolutions became effective, and October 22, 1937, when the supplemental complaint was offered for filing. In the meantime another appeal had been prosecuted to determine the sufficiency of the original complaint. When authorized, reasonable penalties may be imposed by ordinances and statutes in order to induce compliance with their terms, but such excessive penalties may not be exacted as are calculated to intimidate and coerce a party from testing the validity of the requirement. Whether a given penalty is reasonable or excessive must be determined in the light of the particular circumstances. Thus in *Hancock et al. v. Yaden* (1890), 121 Ind. 366, 23 N. E. 253, a statute which imposed a penalty of one dollar per day for failure to pay wages, the total not to exceed the amount due, was held to be reasonable, and in *Seelyville Coal, etc., Co. v. McGlosson* (1906), 166 Ind. 561, 77 N. E. 1044, it was held that penalties for failure to pay wages which could not exceed double the amount of the wages due were not unreasonable.

On the other hand, it was held in *State* v. *Martin* (1923), 193 Ind. 120, 139 N. E. 282, that a statutory penalty in a sum equal to the daily wage for each day the wages were unpaid, without limit as to the number of days the penalty should continue, was invalid, and in *Superior Laundry Co.* v. *Rose* (1923), 193 Ind. 138, 137 N. E. 761, 139 N. E. 142, it was likewise held that a penalty imposed by statute for failure to pay wages amounting to 10 per cent of the unpaid wages for each day of delay was unconstitutional. In considering the provisions of the ordinances before us in the present appeal, we think it proper to keep in mind the facts disclosed by the evidence. The town of Walkerton has a population of less than 1,000 inhabitants. The resolutions adopted by its board required the establishment of alarm signals at each of its street intersections with the appellee's railroad. Appellee has 1,113 such crossings in municipalities on its railroad system. It requires approximately 90 days to install an alarm system and the cost is from $1,500 to $2,000 per unit. What the town of Walkerton may require by way of crossing protection may likewise be required upon equal terms by all of the towns on its lines in this state. From these facts it is apparent that the penalties imposed by the ordinances adopted by the appellant town are calculated to deny to the appellee free access to the courts and, if upheld, would amount to a confiscation of its properties. The penalties imposed must therefore be held to be excessive, and for that reason the trial court did not err in refusing permission to file the supplemental complaint.

The alleged errors predicated on the admission of evidence have been inferentially disposed of by what we have already said.

The judgment is affirmed.