### JOHN BAYHA, M. W. BARBER, AND D. C. LIST
### v. MARY CARTER.

#### No. 502.

1. **Charter of Houston—Conflict with Constitution.**—In a suit on an improvement certificate issued by the city of Houston, it being payable in three annual installments, each bearing interest at 8 per cent until maturity, and at 10 per cent after maturity, default in payment of two installments authorizing suit on the whole, with foreclosure of lien and 10 per cent attorney's fees as penalty. It was not error to hold that the clause in the charter authorizing the city to issue certificates bearing different rate of interest from that fixed by the Constitution, is in conflict with section 56, article 3, of the Constitution, which prohibits the Legislature from passing a local law establishing a rate of interest.

2. **Same—Penalty.**—The clause of the charter of the city of Houston under which the city issued the certificate did not authorize a penalty for nonpayment.

3. **Public Officers—Agents.**—Such a certificate is not a contract executed by defendant, the city government being her agent. Public officers are agents of the community, but not agents of the individual members of the community.

4. **Attorney's Fees.**—The certificate only allows attorney's fees after a demand for payment. To authorize a recovery of attorney's fees in judgment by default, "that payment was demanded" must have been averred; not "that payment was requested."

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*H. C. Norton,* for appellant.—1. The court should not so construe a statute as to render it unconstitutional if any other reasonable construction can be placed upon it which will render it effective and legal. It is evident that the Legislature in providing for the additional 2 per cent per annum after maturity of certificate intended it as a penalty for nonpayment at maturity, and it is not interest at all, in the legal and appropriate sense of the term; but strictly speaking, a penalty. Hence it is not in conflict with section 3, article 56, of the State Constitution, as supposed. Charter of the City of Houston; People v. Peacock, 98 Ill., 176.

2. Conceding that the 2 per cent additional which is by the terms of the certificate provided for after maturity of same, is interest, it would

not then come within the provisions of the Constitution cited by the court, for the reason that the city council was the agent of appellee in said transaction, and as such had a right to contract for 10 per cent per annum. And again, the appellee could have paid the certificate at maturity and avoided the payment of the 2 per cent after maturity; and it being optional with appellee to pay at maturity or let it run, by letting it run she accepted the terms thereof, and thereby made it her contract.

Public officers are agents. 19 Am. and Eng. Encyc. of Law, 457; Smith v. Albany, 61 N. Y., 444; People v. Overyssel, 11 Mich., 222; Ricket v. School District, 25 Wis., 551; Currie v. School District, 35 Minn., 163; Moor v. Mayor of New York, 73 N. Y., 238.

3. The defendant failing to answer, but wholly making default, was an admission of every allegation in plaintiff's petition, and every ground upon which a recovery was sought. Sayles' Civ. Stats., secs. 1282, 1284; Story v. Nichols, 22 Texas, 93; Guest v. Rhine et al., 16 Texas, 550; 5 Am. and Eng. Encyc. of Law, 461; Cole v. Harburg, 36 Kan., 263, 264.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellants in the District Court of Harris County, against appellee, to recover the costs of certain drainage and sewerage improvements made under contract with the city of Houston, acting through its board of aldermen, upon lot 1 and lot 2, less 20 feet thereof, fronting on Louisiana street, by 40 feet deep, and adjoining lot 3, in block 60, situate south of Buffalo bayou, in said city; and to foreclose statutory lien on said property. The plaintiffs are the assignees of those who made the improvements under the contract with the city. The appellee, Mary Carter, is the owner of said lots. The suit is brought on an improvement certificate issued by the City Council on the 20th day of April, 1891, for $75.85, against said property and its owner. The amount of the certificate was payable in three annual and equal installments; and the first installment was due at the date of issuance of the certificate, April 20, 1891; and each bore interest at the rate of 8 per centum per annum until maturity, and after maturity 10 per centum per annum interest; and default in the payment of two installments of the principal when due, and the interest thereon then due, would cause the third installment to mature, and authorize suit for the whole debt, and foreclosure of the lien on the property; and also a recovery of a penalty of 10 per centum for attorney's fees after demand for payment has been made. The improvements upon the lots and the issuance of the improvement certificates were authorized by the charter of the city of Houston, under certain conditions and restrictions, the performance and observance of which by the city were distinctly averred by the plaintiff in his petition; and from these averments it seems that all the

prerequisite acts to the exercise of the power to make the improvements, and to assess the costs thereof, and to tax the property therewith, had been done by the city. The petition averred, that both the first and second installments, and the interest due on each, were due and unpaid, and that the defendant, Mary Carter, although often requested to pay the same, had failed to do so; and prayer was made for the entire amount of the certificate, with 10 per centum per annum interest thereon, and 10 per centum attorney's fees. The defendant, though duly served, did not appear, but made default; and on the 27th of June, 1893, the court rendered judgment for the sum of $75.85, with interest thereon at the rate of 8 per centum per annum, and for foreclosure of lien upon the property, and for costs.

From this judgment the plaintiff appeals, and assigns as error the refusal of the court to allow 10 per centum interest, instead of 8 per centum, and its refusal to allow 10 per centum on the sum recovered, as attorney's fees.

The court in its conclusions of law holds, that the clause in the charter of the city of Houston which authorized the city to make these certificates bear a different rate of interest from that prescribed by the Constitution is in conflict with section 56 of article 3 of the Constitution of the State, which prohibits the Legislature from passing any local or special law establishing a rate of interest.

In this conclusion we concur. That the Legislature might have authorized the city to impose a penalty for failure by the owner to pay, at the time prescribed by ordinance, a tax imposed upon his property in payment of improvements made thereon by the city in the due exercise of its charter powers, we have no doubt. But we are not prepared to assent to the proposition, that the Legislature has conferred this power by those sections of the city's charter under which the board of aldermen issued the certificate upon which this suit is brought. Power to fix a rate of interest is one thing, and the power to impose a penalty is another and different thing. Statutes delegating powers to municipal corporations are strictly construed.

Nor can we assent to another proposition submitted by counsel for appellant, that the certificate is a contract executed by the defendant, the owner of the property, the city government being her agent and authorized by her to have the improvements made, and to contract for their payment. Public officers are the agents of the community which they represent; but a public officer is not the agent of each individual member of the community, and no citizen can be presumed to assent to an illegal or unauthorized act of a public officer.

The judgment, as we have seen, was a judgment by default. Attorney's fees are only recoverable when the tax is not paid after demand made for payment. The petition does not aver that demand for payment was made. "Payment was requested," is the language of

the petition. A simple request is not a demand. The attorney's fee is not recoverable, unless there has been a formal demand for payment of the certificate.

We discover no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 5, 1894.