[No. 10138.    Department One.    July 8, 1913.]

The State of Washington, *Appellant*, v. W. R. Crawford
*et al.*, *Respondents.*[1]

Carriers—Rate Regulations—Constitutional Law—Equal Protection of the Laws—Criminal Prosecutions—Excessive Penalties. Laws 1911, p. 558, § 25, providing that no street railroad company shall charge or collect more than five cents for one continuous ride within the city limits, and Id., p. 606, § 95, making it a gross misdemeanor for any officer or agent to violate the law or fail to comply with any order of the railway commission, punishable under Rem. & Bal. Code, § 2267, by imprisonment for not more than one year, or by a fine of not more than $1,000, or by both, is unconstitutional as being a denial of the equal protection of the laws in that the company may only have a hearing upon a claim of the unconstitutionality of the statute at the risk of such heavy and successive penalties as to amount to intimidation and foreclose its right to litigate the question.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 13, 1911, in favor of the defendants, upon sustaining a demurrer to the complaint, dismissing a prosecution for a violation of the public service commission law. Affirmed.

*The Attorney General* and *Stephen V. Carey, Assistant, John F. Murphy* and *S. H. Steele*, for appellant.

*Scott Calhoun*, for respondents.

Gose, J.—Section 25 of the public service commission law (Laws 1911, p. 558), provides:

"No street railroad company shall charge, demand, or collect more than five cents for one continuous ride within the corporate limits of any city or town. . . . "

Section 95 of the act is as follows:

"Every officer, agent or employee of any public service company, who shall violate or fail to comply with, or who procures, aids or abets any violation by any public service

[1]Reported in 133 Pac. 590.

company of any provision of this act, or who shall fail to obey, observe or comply with any order of the commission, or any provision of any order of the commission, or who procures, aids or abets any such public service company in its failure to obey, observe and comply with any such order or provision, shall be guilty of a gross misdemeanor." Laws 1911, p. 606.

The code, Rem. & Bal., § 2267 (P. C. 135 § 29), provides:

"Every person convicted of a gross misdemeanor for which no punishment is prescribed in any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both."

The defendants were prosecuted, convicted and sentenced in the justice court of Seattle precinct, King county, for an alleged violation of the provisions of § 25 of the public service commission law. The charge is that the defendants, being the officers, employees, agents and servants of the Seattle, Renton & Southern Railway Company, a railway corporation operating a street railway within the corporate limits of the city of Seattle, unlawfully charged and collected from the complaining witness a ten-cent fare for one continuous ride within the corporate limits of the city. Upon appeal to the superior court, a demurrer to the complaint was sustained. The state prosecutes an appeal.

The point urged by the respondents in support of the judgment is that the railway company is, by the terms of the statute, denied the equal protection of the law, and that its property is liable to be taken without due process of law, because it may only have a hearing upon a claim of the unconstitutionality of the statute, at the risk, if mistaken, of being subjected to such heavy and successive penalties as to practically foreclose it of the right to litigate that question. This view has received the sanction of the supreme court of the United States. *Ex parte Young*, 209 U. S. 123. A like principle was announced in *Ex parte Wood*, 155 Fed. 190.

In the *Young* case, certain stockholders of the Northern

Pacific Railway Company brought suit in the Federal court against the company, the members of the state railroad and warehouse commission, and the attorney general of the state of Minnesota. The object of the suit was to prevent compliance with the provisions of certain acts of the legislature of the state of Minnesota and certain orders of the state railroad and warehouse commission, prescribing the rates which should be charged for transportation of passengers and commodities upon railroads within the state. The bill, among other things, prayed that the attorney general and the members of the commission be enjoined from enforcing the provisions of the several acts. The court gave a temporary restraining order as prayed for. On the next day the state, on the relation of its attorney general, commenced an action in the state court against the railway company, the object of which was to compel the company to put into effect the rates and charges fixed by the laws of the state. Thereupon, and in response to a rule to show cause why he should not be punished as for contempt, the attorney general, after a hearing, was held to be in contempt of the Federal court out of which the temporary restraining order had issued. He thereupon sued out a writ of habeas corpus in the Federal supreme court. In discussing the effect of extreme and cumulative penalties in the several legislative acts, the court, at page 147, said:

"It may therefore be said that when the penalties for disobedience are by fines so enormous and imprisonment so severe as to intimidate the company and its officers from resorting to the courts to test the validity of the legislation, the result is the same as if the law in terms prohibited the company from seeking judicial construction of laws which deeply affect its rights. It is urged that there is no principle upon which to base the claim that a person is entitled to disobey a statute at least once, for the purpose of testing its validity without subjecting himself to the penalties for disobedience provided by the statute in case it is valid. This is not an accurate statement of the case. Ordinarily a law creating offenses in the nature of misdemeanors or felonies relates to

a subject over which the jurisdiction of the legislature is complete in any event. In the case, however, of the establishment of certain rates without any hearing, the validity of such rates necessarily depends upon whether they are high enough to permit at least some return upon the investment (how much it is not now necessary to state), and an inquiry as to that fact is a proper subject of judicial investigation. If it turns out that the rates are too low for that purpose, then they are illegal. Now, to impose upon a party interested the burden of obtaining a judicial decision of such a question (no prior hearing having ever been given) only upon the condition that if unsuccessful he must suffer imprisonment and pay fines as provided in these acts, is in effect, to close up all approaches to the courts, and thus prevent any hearing upon the question whether the rates as provided by the acts are not too low, and therefore invalid. The distinction is obvious between a case where the validity of the act depends upon the existence of a fact which can be determined only after investigation of a very complicated and technical character, and the ordinary case of a statute upon a subject requiring no such investigation and over which the jurisdiction of the legislature is complete in any event. We hold, therefore, that the provisions of the acts relating to the enforcement of the rates, either for freight or passengers, by imposing such enormous fines and possible imprisonment as a result of an unsuccessful effort to test the validity of the laws themselves, are unconstitutional on their face, without regard to the question of the insufficiency of those rates."

The fine to be imposed under the Minnesota statute was heavier than that provided by our statute, but the principle is the same. Here the penalty is "punishment by imprisonment in the county jail for not more than one year or by a fine of not more than $1,000, or by both." It is apparent that in the operation of a street railway in the city of Seattle, the officers and agents of the operating company might violate the statute one thousand times, or perhaps many thousand times, each day, and in each instance would subject themselves to the penalty of the law.

The attorney general argues that the statute gives the courts a wide discretion in the matter of punishment, and that

they are permitted to impose a fine as low as one cent and to impose a jail sentence as short as one hour. This is true, but it is also true that their discretion would permit the maximum sentence. As an illustration of the practical working of the act, it seems proper to observe that the justice court imposed a sentence of thirty days' imprisonment in the King county jail.

The attorney general cites *State ex rel. Railroad Commission v. Oregon R. & Nav. Co.*, 68 Wash. 160, 123 Pac. 3, and insists that it announces a view that sustains the constitutionality of the law. In that case, after a full hearing upon the merits, the railway company appearing by counsel, the commission entered an order requiring the railway company to erect a suitable station at Hay, in Whitman county, for the accommodation of passengers and freight, the same to be completed within forty-five days after the service of the order. The time for complying with the order expired on September 24, 1909, but the station was not completed until the 11th day of January following. The railroad company did not seek a review of the order within the time prescribed by law or at all; hence, under the statute, Rem. & Bal. Code, § 8629, the order became "final and conclusive." The suit was for a recovery of a penalty for noncompliance with the order, and a judgment was entered for $1,000. In the discussion of the case the court said that the railroad company appeared at the hearing, submitted its testimony, and raised no question as to the sufficiency of the complaint, or the jurisdiction of the commission under the complaint to make an investigation of its station facilities at Hay. It was held, that the proceeding was regular; that the commission had jurisdiction; and that the railroad company having failed to review the order as it was permitted to do under the statute, the order became, in the language of the statute, final and conclusive. The distinction is obvious. The necessity for the station had been legally adjudged, and the penalty was imposed under the statute because of the failure of the railroad company to

obey the order.   This distinction was recognized by Mr. Justice Brewer in *Cotting v. Kansas City Stock Yards Co.*, 183 U. S. 79, 102, where he said:

"It is doubtless true that the state may impose penalties such as will tend to compel obedience to its mandates by all, individuals or corporations, and if extreme and cumulative penalties are imposed only after there has been a final determination of the validity of the statute, the question would be very different from that here presented."

The view we have taken of the case makes it unnecessary to consider the other questions discussed by counsel.   The judgment is affirmed.

PARKER, MOUNT, and CHADWICK, JJ., concur.