MILLER, STATE REVENUE AGENT, *v.* BANK OF INDIANOLA
*et al.**

(Division B. March 8, 1926.    Suggestion of Error Overruled April 5, 1926.)

[107 So. 548.   No. 25479.]

1. DEPOSITARIES. *If bank knowingly receiving tax collection funds from sheriff for deposit mingles them with other funds, and is unable to separate them, it is liable for two per cent on daily balances on whole fund (Laws 1922, chapter 174).*

   Under chapter 174, Laws of 1922, a bank which knowingly receives tax collection funds from a sheriff for deposit must keep an account of such funds and the daily balances thereon. If it mingles other funds with such tax collections so that it is unable to separate the same, it will be held liable for the two per cent on daily balances on the whole fund.

2. DEPOSITARIES. *If bank receiving tax collections for deposit failed to pay over interest on average daily balances quarterly, it is liable for penalty imposed, although its officers did not actually know of statute (Laws 1922, chapter 174).*

   Ignorance of the existence of the law is no defense thereto, and, if the bank receiving tax collections for deposit failed to pay over the interest on the average daily balances quarterly, as required in chapter 174, Laws of 1922, it is liable for the penalty imposed by such act for failure therein, although the bank's officers did not actually know of the statute.

*Corpus Juris-Cyc References:   Depositaries, 18CJ, p. 594, n. 29 New.

APPEAL from chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Suit by W. J. Miller, State Revenue Agent, against the Bank of Indianola and another to recover interest on a deposit of tax collection funds and a statutory penalty. From a judgment dismissing the bill, the complainant appeals. Reversed and remanded for a new trial.

*J. H. Sumrall*, for appellant.

It seems too plain to require lengthy argument that since the statute plainly imposes the positive duty upon banks, under circumstances such as are admitted to exist in this case, to pay two per cent per annum computed on daily balances on deposits of tax collections of the various tax collectors in the state, then the duty certainly devolves upon said banks to ascertain from the tax collectors when receiving deposits from them, what proportion of such deposits are collections for taxes; and since the separation of any other small items, which might constitute funds in the hands of the tax collectors other than taxes, is a matter of interest solely to said banks, and could be used solely for the purpose of slightly reducing the amount of interest to be paid, then certainly it could not be a valid affirmative defense to a suit to compel the payment of this tax, plainly imposed by statute, that by reason of the bank's own negligence or failure to separate some such small items on deposit which might not be tax collections, that the bank should be excused entirely from the payment of the tax, even on funds which are undeniably tax collections, and all because of their failure to perform a duty to themselves.

From the standponit of equity no imposition would be worked upon the bank by requiring of them the payment of interest on such additional funds which must be of equal benefit to the bank in the use thereof.

It is a well settled construction that statutes which contain no ambiguity and which are plain in their provisions require no construction at the hands of the court; and the only province of the court in the consideration of such a statute is to enforce the plain meaning thereof.

See sections 363, 519, 520, 532, Lewis Sutherland Statutory Construction.

The amount of funds on deposit in each of said banks to the credit of the tax collectors is definitely established, not only by the disclosures made by the defendants themselves, but by being likewise identified and acquiesced in by witness of the complainant. The definite amount of deposits being properly designated as to dates, and time accrued upon which interest can be calculated, then the simple calculations of the interest imposed by law on the daily balances has been definitely established by the complainant in each of said cases and not denied as to the correctness by the defendants. When the interest due to the dates upon which same should have been paid, and the plain provisions of the law as to the penalty of five per cent per month, or fraction thereof, for each month, or fraction thereof, that such payments were delayed after being due are considered, the matter is reduced to a simple mathematical calculation as to the amount of interest, damage, and accrued penalty due at any state of this litigation. There is nothing else to urge but the reversal of the cases and the entering of a decree here for the amount due by each defendant.

*Chapman, Moody & Johnson,* for appellees.

It is obvious that this statute creates a new liability and in addition thereto imposes a penalty out of proportion to the liability created, to enforce a compliance by the party against whom the liability is imposed. Therefore, as we understand the law, aside from the penalty imposed, the statute is *strictissimi juris.* 36 Cyc. 1180, 1188.

Referring to the statute, which is to be interpreted, it is obvious that it is limited solely to tax collections.

The issue presented in the lower court was whether the evidence of the complainant or defendants, or both, proved the facts necessary to make out a case against the defendants on the cause of action charged in the bill

of complaint. The chancellor decided that it did not, so a decree was rendered dismissing the bills of complaint from which this appeal is prosecuted.

The appellant's brief concedes the inability of the complainant and defendants "to definitely determine how much tax collection was on deposit with said banks for the period covered by said suits," from which the daily balances thereof could be ascertained. But the brief states that inasmuch as the evidence discloses that indefinite amounts of tax collections on the daily balances on which interest should be computed, were deposited with and withdrawn from said bank a decree should be rendered against both defendants, not because the necessary facts were proved; but because of the inability of both the complainant and defendants to prove or establish what said daily balances were.

The contention is that the statute impliedly, not expressly, required the banks to keep their books so as to disclose the daily balances of the tax collections, covered by the statute, and failing to do so, the bank should be required to pay interest—and a severe penalty—on the daily balances of all amounts deposited and withdrawn by the respective sheriffs and tax collectors, whether such deposits represented tax collections covered by the statute or not. This contention, we insist, is unsound, morally and legally, and to adopt it would be most unjust.

The evidence clearly discloses that throughout the period in question the officers of the bank did not have actual knowledge of the statute.

The complainant here, even though he sues for the benefit of the county, is not a favored litigant. He must, as any complainant, establish the facts necessary to justify a decree in his favor. *Noxubee County* v. *Long,* 106 So. 83. To make out a case it was, of course, necessary to show the daily balances of the tax collections covered by the statute on which said interest should be computed. Even if this were a suit for the taxes collected, the evidence would not justify a decree for the complainant.

After a careful search the most accurate definition of the term "balances" that we have been able to find is in *Thillman* v. *Shadrick*, 16 Atl. 139, 140.

If there be any rule of law whereby a defendant, who is charged with the non-performance of a duty, has the burden of disclosing the facts or the evidence in support thereof, showing his non-performance, we are not aware of it, and no authority in support thereof has been cited in the appellant's brief.

Argued orally by *J. H. Sumrall,* for the appellant, and *C. C. Moody,* for the appellees.

ETHRIDGE, J., delivered the opinion of the court.

These suits were instituted by the state revenue agent by bill filed in the chancery court against the defendant banks. The bill charged in each case that, under the provisions of chapter 174, Laws of 1922, each of said banks was liable for interest to Sunflower county at the rate of two per cent per annum on daily balances or amounts deposited in each of said banks as collections of the tax collector of Sunflower county for the period beginning April 1, 1922, and ending June 30, 1924. The bill also demanded, in addition to the interest on such daily balances, the statutory penalty imposed under the said act at the rate of five per cent per month or fraction thereof where the interest was not paid as required in the act.

The bill attached as an exhibit thereto the accounts carried on the books of the respective banks, which book accounts did not show whether the deposits were tax collections or other collections, but the accounts were carried in the name of the sheriff as such, and in the name of the sheriff and tax collector as such, and prayed for a discovery as to the particular items carried on the books which were tax collections, and which were other than tax collections, and prayed for a judgment on the daily balances so shown under the terms of the statute,

and also for the penalties embraced in the statute for default.

The sheriff was not made a party to the suit. The defendants, the banks, separately answered, stating that they did not know which of the items shown on the books were for tax collections and which items were for other funds in the hands of the sheriff as such, nor what items were the private funds of the sheriff individually. The banks denied liability, and denied knowledge of the law imposing liability for interest and for the statutory penalty prior to the time the agent of the revenue agent checked their books and made demand therefor, and stated that they were unable to furnish the information sought to be discovered. Thereupon the representative of the state revenue agent who made the examination was introduced, and testified to examining the books of the defendant banks, and as to what the daily balances were on the account as shown on the books including all funds shown thereon. He stated that he could not say what part of said items were tax collections from said accounts and what items belonged to other accounts.

The sheriff was not introduced as a witness by either party. Neither was any person introduced who gave the checks and warrants shown on the books to the sheriff.

The revenue agent insisted that it was the duty of the banks to keep the tax collection funds separate from the other moneys received from the sheriff, and to keep account of the daily balances of the tax collections, and to turn them into the county quarterly as required by the statute; that ignorance of the existence of this statute was no defense; and that the doctrine of commingled goods or commingled funds was applicable to this case; and that the revenue agent, in default of the banks showing the correct amount of the tax collection deposited, was entitled to recover two per cent per annum on the daily balances on the entire amount carried in the name of the sheriff and tax collector, and for the penalties calculated on such amounts under the terms of the statute.

The chancellor dismissed the bill, from which judgment this appeal is prosecuted.

The officers of each of the banks testified that they knew that a large part of the deposits were tax collections, but that there were some other public funds deposited from time to time in the accounts, and that sometimes the sheriff had personal items deposited in said account. In our opinion, it was the duty of the banks to keep the funds covered by the statute in a separate account, where they knew the deposit was a public fund. Ignorance of the law cannot excuse any person dealing with the public funds. The banks, of course, did not have to receive the funds under the statute, but, when they received public funds, knowing them to be public funds, they were under the duty to ascertain what part of such funds were tax collections, and to keep them separate from other funds of the sheriff's account. They cannot escape the consequences of the statute by commingling the funds in such way, or keep such account, as will not disclose to the proper officer of the state such funds, and escape liability. They are under the duty to show, when called on to account, the amount of money received, and the true daily balances of such account, and, if they commingle the funds in such manner that this cannot be ascertained from their books they must be able to point out and make a correct accounting, or, in default, they would be held liable for interest on the entire account. See *Alexander v. Zeigler,* 36 So. 536, 84 Miss. 560; *First National Bank v. Henry,* 49 So. 97, 159 Ala. 367; *Rust Land & Lumber Co. v. Isom,* 66 S. W. 434, 70 Ark. 99, 91 Am. St. Rep. 88; *Kelly-Goodfellow Shoe Co. v. Sally,* 89 S. W. 889, 114 Mo. App. 222; *Stone v. Marshall Oil Co.,* 57 A. 183, 208 Pa. 85, 65 L. R. A. 218, 101 Am. St. Rep. 904; *Mengal Box Co. v. Moore & McFerrin,* 87 S. W. 415, 114 Tenn. 596, 4 Ann. Cas. 1047; *Johnson v. Hocker* (Tex. Civ. App.), 39 S. W. 406; *Lance v. Butler,* 47 S. E. 488, 135 N. C. 419; *Edelhoff v. Horner-Miller Straw Goods Co.,* 39 A. 314, 86 Md. 595; *Horne v. Hanson,* 44 A. 292, 68 N. H. 201.

We think, therefore, the chancellor was in error, and the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*